51 F.3d 268
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Gordon AMEGASHIE, Defendant-Appellant.
 No. 91-5701.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1995.
Decided March 27, 1995.
 
 Mark J. Rochon, Jr., Kohlman & Rochon, Washington, DC, for appellant. Richard Cullen, United States Attorney, James L. Trump, Assistant United States Attorney, Liam O'Grady, Assistant United States Attorney, Alexandria, VA, for appellee.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Gordon Amegashie appeals from his jury convictions of conspiracy to possess with intent to distribute and to distribute heroin (21 U.S.C.A. Sec. 846 (West Supp.1994)), and two counts of distribution of heroin (21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994)). Because we find no plain error in the admission of testimony of two witnesses, we affirm.
 
 
 2
 Amegashie complains of two instances of the admission of evidence that he was involved in drug transactions other than those listed in the indictment. The two instances involved testimony by two other participants in the conspiracy--one named but not charged in the indictment and one not named in the indictment. The testimony concerned Amegashie's involvement in a large-scale drug conspiracy that took place before and during the dates charged in the indictment and involved drugs other than heroin. Amegashie claims that the evidence was not admissible under Fed.R.Evid. 404(b).
 
 
 3
 First, because we find that Amegashie failed to object to the admission of the evidence, we review its admission for plain error. Fed.R.Crim.P. 52(b); United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). Our review of the record reveals that there was no such error in the admission of either portion of testimony. The evidence was relevant in both instances to establish Amegashie's intent to distribute drugs, an element of the crimes charged and placed in issue by Amegashie's not guilty plea. Thus, we find it was properly admitted. See United States v. Russell, 971 F.2d 1098, 1106 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 4
 We therefore affirm Amegashie's conviction and sentences. We previously granted Amegashie's uncontested motion to submit the case on briefs without oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.